IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenn D. Jacobs, | ) | C/A No. 3:20-543-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| South Carolina Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Glenn D. Jacobs, filed this employment case through counsel in the Richland County Court of Common Pleas. The defendant removed the case and filed a motion to dismiss (ECF No. 4), which is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). To date, the plaintiff has filed no response to the defendant's motion to dismiss.

On March 2, 2020, the court issued an order directing Plaintiff to advise the court as to whether he wished to continue with this case within seven days from the date of the order. The court further reminded counsel that if Plaintiff intended to seek leave for an extension in which to file a response in opposition to the pending motion to dismiss, he must establish the requisite standards for such an untimely filing in accordance with the applicable Federal Rules of Civil Procedure and the Local Civil Rules of this Court. (ECF No. 8.) The order warned Plaintiff that his failure to comply with the order within the time permitted would subject his case to dismissal for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (Id. at 1.)

Plaintiff responded to this order by filing a motion requesting more time to file a response to the motion to dismiss, which the court granted for good cause shown. (ECF Nos. 13 & 14.)

However, the extended time in which to file a response has once again passed with no action by the plaintiff.[1]

Consequently, this matter should be dismissed for failure to prosecute. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

Here, the plaintiff's failure to file a response to the defendant's motion pursuant to the court's order justifies dismissal of this action because the court's March 2, 2020 order warned the plaintiff that this case would be dismissed if he failed to follow the court's instructions. See Ballard, 882 F.2d at 96 (finding the Magistrate Judge's explicit warning that a recommendation of dismissal would result from the plaintiff's failure to obey his order gave the district court little alternative to dismissal because any other course would have placed the credibility of the court in doubt and invited abuse); see also Lutfi v. Training Etc, Inc., 787 F. App'x 190, 191 (4th Cir.

---

[1] Although the Chief Judge issued a standing order granting a 21-day extension for all deadlines existing as of March 16, 2020 due to the COVID-19 pandemic, this order has not been interpreted to prospectively extend deadlines that accrued after that date. See Standing Order, Misc. No. 3:20-mc-105 ("In all civil cases, all deadlines . . . are hereby extended by 21 days from the *current deadline* set.") (emphasis added).

2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case.").

As to the defendant's motion to dismiss, the court does not recommend that the motion be granted, because it rests on at least two faulty premises of law.  First, the defendant incorrectly states that South Carolina law governs the pleading standard of the Complaint.  But see Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 291 n.6 (4th Cir. 2018) ("Responsible pleading practice compels counsel to carefully consider whether his or her complaint satisfies federal pleading standards upon removal."); see also 5 Arthur R. Miller et al., Federal Practice and Procedure § 1204 (3d ed. 2019) ("Rule 8 only requires the pleadings in a federal court action to indicate that if the allegations in the complaint are established, the pleader is entitled to relief under the substantive law of the jurisdiction.  Thus, a federal pleading that satisfies the Rule 8(a) standard will not be dismissed simply because it would be vulnerable to a demurrer or a motion to dismiss in a forum state court.") (internal citations omitted); see, e.g., McDougle v. Am. Tower, Inc., Civil No. 3:19cv435 (REP), 2019 WL 5386504, at *2 (E.D. Va. Oct. 4, 2019) (granting the plaintiff leave to replead her claims to conform to the federal pleading standards after removal).  Second, although the motion contends that the plaintiff's federal claim was untimely filed, this alleged untimeliness is not apparent from the face of the Complaint; therefore, dismissal under Rule 12(b)(6) would be inappropriate.  See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007).

For the foregoing reasons, it is recommended that the defendant's motion to dismiss be denied, but that this action be dismissed without prejudice for failure to prosecute.[2]

April 13, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] Should the plaintiff demonstrate further prosecution of this case by filing objections to the Report and Recommendation, the court alternatively recommends that the matter be recommitted to the assigned magistrate judge for further proceedings.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).