IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenn D. Jacobs, | ) | C/A No. 0:20-543-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Glenn D. Jacobs, filed this employment discrimination action in the Richland County Court of Common Pleas. The defendants removed the case to this court. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The defendant moved to dismiss this action, arguing the plaintiff's claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. is untimely; the plaintiff's state law claims fail to state a claim upon which relief can be granted; and alternatively, the plaintiff's conspiracy claim is barred by the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. (ECF No. 4.) The plaintiff failed to respond to the defendant's motion to dismiss, even after the court granted the plaintiff an extension of time.[1] Consequently, the court issued a Report and Recommendation recommending that this action be dismissed without prejudice due to the plaintiff's failure to prosecute. (ECF No. 19.) The court also recommended that the defendant's motion to dismiss be denied because the untimeliness of the plaintiff's ADA claim is not apparent

---

[1] The docket reflects that the plaintiff's counsel was not originally able to file the motion for an extension of time due to technical difficulties with the court's Electronic Case Filing (ECF) System. (ECF No. 13.) Attorneys practicing in this district must file documents through ECF. *Electronic Case Filing Policies and Procedures District of South Carolina* 3.1. Plaintiff's counsel may find ECF training materials at https://www.scd.uscourts.gov/CMECF/Training.asp.

from the face of the Complaint and the defendant's motion incorrectly relied on the wrong pleading standard. (Id. at 3.)

Subsequently, the plaintiff filed[2] a "motion for reconsideration" pursuant to Federal Rule of Civil Procedure 59(e), in which the plaintiff asked the court to reconsider its Report and Recommendation[3] because the plaintiff's counsel believed the deadline to respond to the defendant's motion was extended to April 20, 2020 by the court's standing order In re: Court Operations in Response to COVID-19, 3:20-mc-105 (March 16, 2020). (ECF No. 20.) The Honorable J. Michelle Childs, United States District Judge, referred the plaintiff's motion to the assigned magistrate judge. The defendant filed a response in opposition, arguing the court should adhere to the court's interpretation that the standing order does not prospectively extend deadlines that accrued after March 16, 2020, as explained in footnote one of the court's Report and Recommendation. (ECF No. 19 at 2 n.1.)

The court hereby withdraws the Report and Recommendation based on the plaintiff's failure to prosecute. The court finds that the plaintiff's motion shows his intent to prosecute this case and the plaintiff shows excusable neglect for missing the deadline to respond due to confusion over the court's standing order. See Fed. R. Civ. P. 6(b)(1)(B); Colony Apartments v. Abacus Project Mgmt., Inc., 197 F. App'x 217, 223 (4th Cir. 2006). Accordingly, the court finds that this action should not be dismissed for failure to prosecute. Also, the court finds it is appropriate to allow the plaintiff to amend his Complaint to correct the purported deficiencies identified by the

---

[2] The plaintiff's attorney was again unsuccessful in filing this motion using the ECF system and sent an email to the court indicating that she was unable to log in to ECF and subsequently locked herself out of her PACER account. (See ECF 20-1 at 1.)

[3] A motion pursuant to Rule 59(e) applies only to judgments, and a report and recommendation by a federal magistrate judge is not a judgment. See generally 28 U.S.C. § 636(b)(1); Mathews v. Weber, 423 U.S. 261, 270 (1976).

defendant in its motion to dismiss.  See generally Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623-26 (4th Cir. 2015); see also Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018).

Accordingly, it is hereby

**ORDERED**

(1)  that the April 13, 2020 Report and Recommendation is withdrawn (ECF No. 19);

(2)  that the plaintiff's motion is granted (ECF No. 20);

(3)  that the plaintiff shall file an amended complaint within fourteen (14) days of the date of this order; and

(4)  that the defendant's motion to dismiss (ECF No. 4) is terminated from the docket with leave to refile, if appropriate, after the plaintiff amends his pleading.

**IT IS SO ORDERED**.

May 6, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE