IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glen Jacobs, | ) | C/A No. 3:20-543-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Mental Health; | ) | |
| Donna McLane; Shawna Martin-Lyle, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Glen Jacobs filed this action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and state tort claims of civil conspiracy and wrongful termination in the Richland County Court of Common Pleas. The defendants removed the action to this court. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's partial motion to dismiss Jacobs's Amended Complaint. (ECF No. 26.) Jacobs filed a response in opposition to the motion (ECF No. 38), and the defendants filed a reply (ECF No. 39). Having reviewed the record presented and the applicable law, the court concludes the defendants' motion should be granted, but also that Jacobs should be given leave to amend the Amended Complaint.

**BACKGROUND**

The following allegations are taken as true for purposes of resolving the defendant's motion to dismiss. Jacobs was employed as a human services specialist at the G. Werber Bryan Psychiatric Hospital of the South Carolina Department of Mental Health ("the Department"). Jacobs worked for the Department from 1984 until his termination in August 2017. On April 12, 2016, Jacobs was injured on the job and, as a result, was unable to work or could only perform light duty as

authorized by his treating physician. In August 2017, the Department was notified that Jacobs could perform his job with certain modifications authorized by his treating physician. However, the Department's Director of Nursing, Defendant Donna McLane, would not allow Jacobs to return to work. Also, McLane and Defendant Shawna Martin-Lyle, the Department's DIS Employee Relations Manager, determined that Jacobs was unable to perform the essential functions of his job and terminated Jacob's employment.

Neither McLane nor Martin-Lyle engaged in the ADA's interactive process to determine whether Jacobs could perform the essential functions of his job, and neither party took any steps to provide an accommodation to Jacobs so that he could perform his job. However, McLane and Martin-Lyle asserted to Jacobs during his termination that they did engage in the interactive process. McLane and Martin-Lyle also falsely represented to the South Carolina Human Affairs Commission that they engaged in the interactive process with Jacobs. The defendants' actions injured Jacobs, including lost income due to his termination.

## DISCUSSION

### A.  Applicable Standards

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United

States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.    The Defendants' Motion**

    **1.    Civil Conspiracy**

The defendants argue Jacobs fails to state a civil conspiracy claim upon which relief can be granted for three reasons. First, they argue that Jacobs's assertion that McLane and Martin-Lyle were acting in the scope of their employment is conclusory. Second, they argue the civil conspiracy claim is barred by the discretionary immunity exception to the South Carolina Tort

Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. ("the Act"). And third, the defendants argue that Jacobs fails to plead facts supporting the special damages element of a civil conspiracy claim.

Initially, the court must resolve a question not directly addressed by the parties—against whom does Jacob raise this civil conspiracy claim? The Amended Complaint does not expressly state whether the claim is brought against the individual defendants in their personal capacities, the Department, or both. And the parties' briefing on the defendants' motion to dismiss provides little clarity. However, the court construes the Amended Complaint as asserting both personal capacity claims against the individual defendants and a claim against the Department because both parties argue in support and opposition to bases for dismissal that are unique to either the individual defendants in their personal capacities or the Department. Therefore, the court must separately analyze the bases for dismissal based on the defendant against which the claim is raised.

### a.     Discretionary Immunity

Jacobs does not expressly bring this action pursuant to the South Carolina Tort Claims Act. However, the Act is the exclusive remedy for any tort committed by an employee of a governmental entity. S.C. Code Ann. § 15-78-70 ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)."). The Act further provides that, even if the employee is named in the action brought under the Act, the agency or political subdivision for which the employee was acting must be substituted as the party defendant. S.C. Code Ann. § 15-78-70(c).

The South Carolina Tort Claims Act also provides that the State, its agencies, political subdivisions, and other governmental entities are "liable for their torts in the same manner and to

the same extent as a private individual under like circumstances," subject to certain limitations and exemptions provided in the Act. S.C. Code Ann. § 15-78-40. "The governmental entity asserting the Act as an affirmative defense bears the burden of establishing a limitation upon liability or an exception to the waiver of immunity." Hawkins v. City of Greenville, 594 S.E.2d 557, 563 (S.C. Ct. App. 2004). The State of South Carolina has not waived its immunity from suit in state court for claims that are exceptions to its liability under the Act. Thus, the Department's voluntary removal of this case to federal court has not, in this instance, effected a waiver of the State's immunity from suit for these claims. See Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005) (holding that the State did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question); see also S.C. Code Ann. § 15-78-20(e); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntarily invokes the jurisdiction of the federal court waives immunity for claims in which *it has consented to suit in its own courts*).

Here, the Department argues that Jacobs's civil conspiracy claim is barred by the discretionary immunity exception to the South Carolina Tort Claims Act.[1] The court disagrees.

The Act provides, that a "governmental entity is not liable for a loss resulting from: . . . the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee[.]" S.C. Code Ann. § 15-78-60(5). "To establish discretionary immunity, the

---

[1] The Department analyzes this issue under Rule 12(b)(6). However, the application of state sovereign immunity pursuant to the South Carolina Tort Claims Act implicates the court's subject matter jurisdiction. Consequently, the court analyzes this defense under Rule 12(b)(1). See Hutto v. S.C. Ret. Sys., 899 F. Supp. 2d 457, 466 (D.S.C. 2012) (considering the defendant's assertion of sovereign immunity pursuant to Rule 12(b)(1)), aff'd on other grounds, 773 F.3d 536 (4th Cir. 2014).

governmental entity must prove that the governmental employees, faced with alternatives, actually weighed competing considerations and made a conscious choice. Furthermore, the governmental entity must show that in weighing the competing considerations and alternatives, it utilized accepted professional standards appropriate to resolve the issue before them." Stephens v. CSX Transp., Inc., 781 S.E.2d 534, 543-44 (S.C. 2015) (quoting Pike v. S.C. Dep't of Transp., 540 S.E.2d 87, 90 (S.C. 2000)). The burden is on the governmental entity to show that the immunity applies. See Pike, 540 S.E.2d at 91 ("We hold that when a governmental entity asserts the affirmative defense of discretionary immunity under the Tort Claims Act, the burden of proof is on the governmental entity and this burden is one of persuasion by a preponderance of the evidence.").

Here, the court finds that the Department has failed at this time to carry its burden of showing that discretionary immunity applies. Initially, the court notes that because this issue was raised in a motion to dismiss, the court must take the allegations asserted in the Amended Complaint as true, and the Department fails to attach any evidence to its motion, nor does it ask the court to convert the motion to one for summary judgment. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) ("In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."). The Department argues that the actions Jacobs alleges were discriminatory acts—assessing Jacobs's ability to perform his job considering his disability—are discretionary acts. (Def.'s Mem. Supp. Mot. Dismiss, ECF No. 26-1 at 5.) But even if the court accepted that argument, the Department has failed to point to any evidence that the Department, "faced with alternatives, actually weighed competing considerations and made a conscious

choice," or "that in weighing the competing considerations and alternatives, it utilized accepted professional standards appropriate to resolve the issue before them." Stephens, 781 S.E.2d at 543-44. Accordingly, the Department has failed to carry its burden to show that discretionary immunity applies to bar Jacobs's civil conspiracy claim against the Department.[2]

### b.    Scope of Official Duties

As previously stated, the Act is the exclusive remedy for any tort committed by an employee of a governmental entity. S.C. Code Ann. § 15-78-70. However, subsection (b) of that section provides, "Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his *official duties* . . . ." S.C. Code Ann. § 15-78-70(b) (emphasis added because the parties repeatedly refer to the scope of the defendants' *employment*); see also Frazier v. Badger, 603 S.E.2d 587, 591 (S.C. 2004) ("This Court has held that the term 'scope of employment' as used in an insurance policy is broader than the term 'scope of official duties' as used in the Tort Claims Act.").

McLane and Martin-Lyle argue that Jacobs's assertion that they were acting outside of the scope of their official duties is conclusory, and therefore, the claim should be dismissed for failure to state a claim upon which relief can be granted.[3]  The court agrees.

In the Amended Complaint, Jacobs asserts that McLane and Martin-Lyle are employees of the Department, that their duties included making decisions about Jacob's employment, and that

---

[2] The court's finding should be made without prejudice to the Department's ability to raise this defense on a more fully developed record.

[3] The court analyzes this defense under Rule 12(b)(6) because the question of whether the South Carolina Tort Claims Act bars Jacobs's claim against the individual defendants does not implicate the court's jurisdiction.

they lied to the South Carolina Human Affairs Commission about whether they engaged in the interactive process with Jacobs before they terminated his employment.  (Am. Compl. ¶¶ 6, 11-14, ECF No. 24 at 1-2.)  Jacobs also asserts, "Further, Ms. McLane and Ms. Martin-Lyle conspired to have the Plaintiff terminated from his employment because he was disabled as they did not want to have to deal with or provide an accommodation for his disability.  Such actions by Ms. McLane and Ms. Martin-Lyle were outside the scope of their employment [*sic*]."  (Id. ¶ 20, ECF No. 24 at 3.)  However, by Jacobs's own pleading, the defendants' actions occurred in furtherance of their duty to manage employees for the Department, notwithstanding Jacobs's conclusory allegation that the defendants were acting outside of the scope of their official duties.  Jacobs's pleading is devoid of any facts plausibly supporting such an assertion.

Jacobs argues that "intentionally misrepresenting facts to the EEOC in order to wrongfully influence the results if [*sic*] an investigation is not encompassed within the scope of the Defendant's [*sic*] job duties."  (Pl.'s Resp. Opp'n, ECF No. 38 at 5.)  However, Jacobs's argument misunderstands the "scope of official duties" standard under South Carolina law.  See, e.g., Flateau v. Harrelson, 584 S.E.2d 413, 417 (S.C. Ct. App. 2003) (providing that a government official has not acted outside the scope of her official duties merely because her action exceeded her *authority*); cf. Skydive Myrtle Beach, Inc. v. Horry Cty., 826 S.E.2d 585, 588-91 (S.C. 2019) (finding the plaintiff's motion to amend the pleading should not have been denied as futile where the plaintiff plausibly alleged that government officials acted against the interest of their offices, and therefore, arguably outside of their official duties).  Jacobs also argues that the individual defendants "were abusing their supervisory role for personal and improper reasons."  (Id.)  But the Amended Complaint does not include any allegations that the defendants lied for personal reasons.  To the

contrary, Jacobs asserts in the Amended Complaint that the defendants lied to avoid having to accommodate his disability at the Department.

Consequently, the South Carolina Tort Claims Act bars Jacobs's civil conspiracy claim against the individual defendants because the Amended Complaint fails to allege facts plausibly suggesting that the individual defendants were acting outside the scope of their official duties.[4]

### c.     Special Damages

The defendants' third basis for arguing that Jacobs's civil conspiracy claim should be dismissed, which is appliable to all of the defendants, is that Jacobs fails to plead facts supporting the special damages element of a civil conspiracy claim. The court agrees.

The elements of a civil conspiracy claim under South Carolina law are (1) the combination of two or more people, (2) joined for the purpose of injuring the plaintiff, (3) which causes special damages. Pye v. Estate of Fox, 633 S.E.2d 505, 511 (S.C. 2006) (citing LaMotte v. Punch Line of Columbia, Inc., 370 S.E.2d 711 (S.C. 1988)). "The gravamen of a civil conspiracy claim is the damage resulting to the plaintiff from the acts taken in furtherance of the combination; accordingly, the damages alleged must go beyond the damages alleged in other causes of action." Allegro, Inc. v. Scully, 791 S.E.2d 140, 144 (S.C. 2016) (citing Pye, 633 S.E.2d at 568); Vaught v. Waites, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989) (stating that the essence of a civil conspiracy claim "is the

---

[4] To the extent the defendants argue that Jacobs contradicts himself by arguing that the individual defendants were acting within the scope of their official duties and should be held personally liable, the South Carolina Supreme Court has specifically rejected that argument, finding that pleading alternative—or even contradictory—theories of liability for a civil conspiracy claim does not merit dismissal for failure to state a claim. See Skydive Myrtle Beach, Inc., 826 S.E.2d at 591 ("We find it is entirely appropriate for Skydive to allege that some of an individual's actions were within the scope of their official duties, and some were not, or even to plead alternative theories of liability depending on whether an individual's actions were within the scope of their duties.").

damage resulting to plaintiff from an overt act done pursuant to a common design") (citing Todd v. S.C. Farm Bureau Mut. Ins. Co., 278 S.E.2d 607, 611 (S.C. Ct. App. 2009).

Here, in the Amended Complaint, Jacobs asserts that he "suffered special damages including a direct financial hit to his savings account due to the interruption of his earned income." (Am. Compl. ¶ 20, ECF No. 24 at 3.)  However, Jacobs's loss of income is precisely the type of damages that can be compensated under his ADA claim.  See Allegro, Inc., 791 S.E.2d at 145 (finding that the plaintiff failed to allege special damages "emanating solely from the conspiracy"); Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) ("If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed."); see also Killian v. City of Abbeville, Civil Action No. 8:14-1078-TMC, 2015 WL 1011339, at *4 (D.S.C. Mar. 6, 2015) (finding the plaintiff failed to plead special damages to support his civil conspiracy claim where the only damages he claimed were the same damages he claimed for his employment discrimination claim).  Consequently, Jacobs's civil conspiracy claim should be dismissed as to each defendant (in the alternative as to the individual defendants) because Jacobs fails to plausibly allege special damages.[5]

---

[5] Jacobs argues that the South Carolina Supreme Court has expressed a willingness to overrule the special damages pleading requirement, see Allegro, Inc., 791 S.E.2d at 145, n.3, and therefore, the court should not require him to plead special damages in this case.  However, the court is bound by the majority opinion in Allegro, Inc., and neither the South Carolina Supreme Court nor the South Carolina Court of Appeals have indicated that the law on special damages has changed since Allegro, Inc.  See, e.g., Murphy v. Richland Lexington Sch. Dist. 5 Bd. of Trustees, C/A No. 2016-001198, 2018 WL 5733638, at *4 (S.C. Ct. App. Oct. 31, 2018) (applying the special damages requirement to the plaintiff's civil conspiracy claim).

### 2.     **Wrongful Termination**

The defendants argue that Jacobs fails to state a claim for wrongful termination upon which relief can be granted. Specifically, the defendants argue that under South Carolina law, a wrongful termination claim is not cognizable where an existing statutory remedy—here, the ADA—provides a remedy for the alleged wrong. The court agrees.

In South Carolina, employment at-will is presumed, but under the public policy exception, an at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy. Barron v. Labor Finders of S.C., 713 S.E.2d 634, 637 (S.C. 2011). However, the public policy exception does not apply where the employee has an existing statutory remedy for wrongful termination. Id.; Dockins v. Ingles Markets, Inc., 413 S.E.2d 18, 19 (S.C. 1992) (finding that where a statutory remedy for wrongful termination exists, the plaintiff may not elect to pursue a wrongful termination in violation of public policy claim in lieu of the existing remedy). Jacobs argues he was "discriminated against [] because of his disability and retaliated against . . . because he had a disability" in violation of public policy. (Pl.'s Resp. Opp'n, ECF No. 38 at 7.) However, the ADA provides Jacobs a statutory remedy to recover for disability discrimination in employment. See, e.g., Heyward v. Monroe, 166 F.3d 332, 1998 WL 841494 at *4 (4th Cir. 1998) ("South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law. It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case."); Toro v. Sci. Applications Int'l Corp., C/A No. 2:12-1833-DNC-BM,[6] 2012 WL 7176826, at *6 (D.S.C. Dec. 7, 2012)

---

[6] The citation to "DNC," while in error, is the citation used on Westlaw. The correct case number includes the district judge's initials as "DCN."

(finding a wrongful termination claim was not cognizable because the plaintiff had an existing remedy under the ADA, among other statutes), report and recommendation adopted, No. 2:12-1833-DCN, 2013 WL 652568 (D.S.C. Feb. 21, 2013); see also Epps v. Clarendon Cty., 405 S.E.2d 386, 387 (S.C. 1991) (finding summary judgment was appropriate on the plaintiff's wrongful discharge in violation of public policy claim where a remedy existed under § 1983). Therefore, Jacobs's wrongful termination claim should be dismissed.

**C.     Jacobs's Motion to Amend**

Jacobs moves to amend his complaint pursuant to Federal Rule of Civil Procedure 15 for any claim that the court recommends be dismissed. (Pl.'s Resp. Opp'n, ECF No. 38 at 7-8.) The defendants do not address Jacobs's request to amend the Amended Complaint. Jacob's motion to amend is granted pursuant to Rule 15(a)(2).

## RECOMMENDATION

Based on the foregoing, the court recommends the defendants' partial motion to dismiss be granted. (ECF No. 26.)

However, it is hereby

**ORDERED** that Jacobs's motion to amend his Amended Complaint is granted. Jacobs shall file a Second Amended Complaint within twenty-one days to correct the deficiencies identified herein, if he so elects.

**IT IS SO ORDERED.**

August 25, 2020                                   Paige J. Gossett
Columbia, South Carolina               UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).