IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glen Jacobs, | C/A No. 3:20-543-JMC-PJG |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| South Carolina Department of Mental Health; Donna McLane; Shawna Martin-Lyle, | |
| Defendants. | |

Plaintiff Glen Jacobs filed this action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and state tort claims of civil conspiracy and wrongful termination. In an Order and Report and Recommendation issued on August 25, 2020, the court granted in part the defendants' motion to dismiss the state law claims but provided Jacobs twenty-one days to file an amended pleading *to correct the deficiencies identified* in the court's Order and Report and Recommendation "if he so elects." (ECF No. 41 at 12.) Jacobs did not timely file an amended pleading and the defendants moved to dismiss the entire matter, including Jacobs's ADA claim, for Jacobs's failure to file an amended pleading. (ECF No. 44.)

Jacobs filed a motion for an extension of time to file a Second Amended Complaint out of time. (ECF No. 47.) Jacobs indicates that he mis-calendared the deadline in the court's Order and Report and Recommendation and only missed the deadline by one day. Jacobs's proposed Second Amended Complaint drops the state law claims that the court recommended be dismissed but maintains the ADA claim. (ECF No. 46.) The defendants oppose the motion for an extension of time because the court has already granted Jacobs several extensions to comply with the court's

deadline and previously indicated that no further extensions would be granted absent extraordinary circumstances other than the COVID-19 pandemic. (ECF No. 48.)

Jacobs's motion for an extension of time is moot because the court's Order and Report and Recommendation provided Jacobs leave to file a new pleading *to cure the deficiencies identified by the Order and Report and Recommendation*. As Jacobs's Second Amended Complaint omits the state law claims that the court recommended be dismissed, the only remaining claim is the ADA claim. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks omitted); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (3d ed. 2018). It does not appear that Jacobs amended the allegations or ADA claim in the Second Amended Complaint; rather, the Second Amended Complaint Jacobs seeks to file seems to be in the nature of a "clean up" document excising the state law claims and leaving the ADA claim intact. Although the court's prior order did not require such a document to be filed, to the extent Jacobs needs leave of court to file it, the court grants it in the interest of clarity going forward.

## RECOMMENDATION

Therefore, the court recommends that the defendant's new motion to dismiss (ECF No. 44) be denied because Plaintiff dropped the state law claims and the defendants fail to identify any basis upon which to dismiss the pre-existing ADA claim.

Furthermore, it is hereby

**ORDERED** that Jacobs's motion for an extension of time is denied as moot. (ECF No. 47.)[1]

**IT IS SO ORDERED.**

October 16, 2020  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] Counsel for Jacobs has missed many deadlines during the progression of this case. Jacobs is warned that failure to comply with the court's deadlines may result in dismissal of this matter for failure to comply with a court order. See generally Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).